**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Robert Young, | **:** | |
| | **:** | **Case No.:** |
| Plaintiff, | **:** | |
| | **:** | **JUDGE** |
| v. | **:** | |
| | **:** | **Magistrate Judge** |
| Randall Winkler, Mayor | **:** | |
| Municipality of Carlisle, Ohio, *et al.*, | **:** | |
| | **:** | |
| Defendants. | **:** | |

**PLAINTIFF ROBERT YOUNG'S MOTION FOR
TEMPORARY RESTRAINING ORDER**

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Plaintiff Robert Young,

(Plaintiff), hereby moves this Court for a temporary restraining order.  The grounds for

Plaintiff's motion are more fully set forth in the attached memorandum in support.  Pursuant to

Fed.R.Civ.P. 65(b)(1)(A), specific facts showing immediate and irreparable injury, loss, and

damage have been set forth in the Verified Complaint.  Counsel for Municipality of Carlisle

(Carlisle) Defendants Mayor Randall Winkler, Deputy Mayor James Lickliter, Council Members

Jake Fryman, Randy Jewett, Barb Tankersley, Jonathan McEldowney, Bradley McIntosh, and

Code Enforcement Officer Jim Wahlrab (collectively Defendants) is Municipality of Carlisle

Law Director Dave Chicarelli.  Plaintiff served Mr. Chicarelli with notice, a copy of this motion,

and the Verified Complaint via electronic mail at dac1500@cinci.rr.com, and via regular U.S.

Postal Service on the 17th day of October, 2016.

Respectfully submitted,

*/s/C. Raphael Davis-Williams*

C. Raphael Davis-Williams (0087003)
SPATER & DAVIS-WILLIAMS, LLC
1188 South High Street
Columbus, Ohio 43206-3413
Phone: (614) 884-0109
Fax:     (614) 222-4738
Email:  rdw@spaterlaw.com
*Trial Attorney for Plaintiff*

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

### I.     INTRODUCTION

Plaintiff has complied with the requirements of Fed.R.Civ.P. 65 and S.D. Ohio Local Rule 65.1 in order to obtain a temporary restraining order.  He has stated in the Verified Complaint specific facts that demonstrate the irreparable injuries that Plaintiff will undoubtedly suffer unless the temporary restraining order is granted.

### II.     FACTS

The facts of this case, as set forth in the Verified Complaint, are as follows.  Plaintiff Robert Young is a resident of the Municipality of Carlisle, Warren County, Ohio.  Mr. Young owns his home located at 660 Michael Drive, Carlisle, Ohio 45005.  His home is situated on a lot that is just more than one-half acre in size and his backyard is completely fenced-in with a wooden privacy fence.  Plaintiff Young is diagnosed with and currently suffers from Post-Traumatic Stress Disorder (PTSD).  Exhibit A, attached.  He has been treating with the same mental health care providers for more than a decade.  *Id.*  Since 2011 Plaintiff has housed four (4) chickens in a coop in his backyard; Plaintiff has housed three (3) pygmy goats in an enclosed permanent shelter in his backyard since 2012.  Mr. Young's mental health care providers have determined that all four of his chickens and all three of his goats are Emotional Support Animals (ESAs) as contemplated under the Fair Housing Amendments Act (FHAA).  *Id.*  Plaintiff

2

Young's mental health care providers have also provided written documentation supporting his diagnosis and the medical need for him to maintain his four chickens and three goats as ESAs. *Id.*

In approximately May 2015, Defendants Municipality of Carlisle, Ohio Mayor Randall Winkler, Deputy Mayor James Lickliter, Council Members Jake Fryman, Randy Jewett, Barb Tankersley, Jonathan McEldowney, Bradley McIntosh, and Code Enforcement Officer Jim Wahlrab (collectively Defendants) approved, voted on, and enacted Carlisle Municipal Ordinance 618.19 (Ordinance 618.19). Ordinance 618.19, places restrictions and proscriptions on the ability of Municipality of Carlisle residents to house chickens and goats on their own property. In approximately July 2016, Defendants began seeking to enforce Ordinance 618.19 as it relates to Plaintiff and his chickens and goats housed on his property.

Plaintiff Young is a person with disabilities as contemplated under the FHAA. In approximately August 2016, Mr. Young initiated discussions with Defendants seeking an exemption from Ordinance 618.19 based upon mental disability. Exhibit C, attached. Plaintiff Young went so far as to secure the signatures of his neighbors, at each house surrounding his home for a two-block radius, indicating not only that they did not oppose Mr. Young housing his ESAs in his backyard but that they supported him and understood the ESAs to be therapy for his mental injury. *Id.* Mr. Young first attempted to share this information with Defendants through its Code Enforcement Officer Jim Wahlrab who issued the first notice and warning to Plaintiff that he was in violation of Ordinance 618.19 and would have to remove his ESAs from his property. Defendant Wahlrab flatly refused to accept Mr. Young's documentation and only referred Plaintiff to Ordinance 618.19 as the current law.

3

Mr. Young then sought advice on his options for addressing his concerns with Ordinance 618.19 from the non-profit advocacy agency, Disability Rights Ohio (DRO). Over the course of several weeks, DRO Attorney Jason Boylan engaged in numerous telephone and email communications with Carlisle's law director, Dave Chicarelli, imploring Defendants to exempt Plaintiff from Ordinance 618.19 on the basis of his mental disability, as required under the FHAA. On or about September 13, 2016 Attorney Boylan on Plaintiff Young's behalf, submitted via email a formal written request for reasonable accommodation (RA) to Law Director Chicarelli and each of the Defendants; the RA request included third-party verification from Mr. Young's treating mental health care providers and it also cited Sixth Circuit case law supporting Plaintiff Young's position. Exhibit B, attached. However, Attorney Boylan's efforts were for naught. Defendants unequivocally denied Plaintiff's RA request for exemption from Ordinance 618.19 and noticed Plaintiff Young on October 14, 2016 that they would initiate legal action, including levying daily fines, against Mr. Young on October 18, 2016. Exhibit D, attached.

On or about October 15, 2016, Counsel for Plaintiff informed Defendants, via letter sent by electronic mail and facsimile, that 1) Defendants are currently in violation of the FHAA's reasonable accommodation provision; 2) Plaintiff's Counsel's October 15, 2016 correspondence was notice to Defendants of their FHAA violations; and 3) Plaintiff's intent to seek emergency relief from this Court if Defendants failed to agree to comply with the FHAA and grant Plaintiff's accommodation request by 1:00 p.m. October 17, 2016. Exhibit E, attached. Carlisle Law Director Dave Chicarelli responded to Plaintiff's Counsel's October 15, 2016 letter by faxed letter at approximately 10:50 a.m. on October 17, 2016. Mr. Chicarelli advised that 1) Defendants would only agree to permit Plaintiff Young to keep one of his three ESA pygmy

goats; 2) Defendants considered the written medical verification provided to them by Plaintiff Young's mental health care provider to be insufficient; and 3) Defendants believe exhaustion of administrative remedies to be a requirement under the FHAA.  Exhibit D, attached.  Counsel for Plaintiff replied to Mr. Chicarelli informing him that Defendants cannot credibly determine Plaintiff Young's mental health needs as Defendants are not mental health care providers treating Mr. Young, that Plaintiff's third-party medical support meets FHAA requirements, and that under the FHAA there is no administrative exhaustion requirement.  Exhibit E, attached. Counsel for Plaintiff also reiterated the deadline for Defendants to grant Mr. Young's RA request for exemption from Ordinance 618.19 based upon mental disability before Plaintiff would seek relief from this Court.  *Id.*  As of the filing of this motion, Defendants had failed to agree to unconditionally exempt Mr. Young from Ordinance 618.19 in accordance with the FHAA's reasonable accommodation provision and maintained its intent to take legal action against him, including levying daily fines, commencing on October 18, 20167 for his noncompliance with the Ordinance.

Each day Plaintiff Young is forced to live with the uncertainty of whether he will be allowed to continue having the support of his ESA chickens and goats on his property, without repercussions from Defendants, his mental illness escalates and his mental health decompensates.

### III.   LAW AND SUPPORT

Rule 65 of the Federal Rules of Civil Procedure provides for the granting of a Temporary Restraining Order where it appears from the facts presented that "immediate and irreparable injury, loss, or damage" will result to the applicant before the adverse party or that party's attorney can be heard in opposition.  Fed.R.Civ.P. 65(b).

There is no doubt that Defendants' conduct violates federal law. Under the FHAA

> [i]t shall be unlawful * * * [t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available[.] * * * For purposes of this subsection, discrimination includes . . . [a] refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.]

42 U.S.C. § 3604(f)(2)(B) and § 3604(f)(3)(B). The purpose of the FHAA is to afford people with disabilities an equal opportunity to use and enjoy housing of their choice. *See e.g., Howard v. City of Beavercreek*, 276 F.3d 802, 806 (6th Cir. 2002); *Smith & Lee Assoc., Inc. v. City of Taylor*, 102 F.3d 781, 795 (6th Cir. 1996). Persons with disabilities may need changes in rules or policies; discrimination includes refusal to grant reasonable accommodations that are necessary to allow the person with disabilities equal opportunity to use and enjoy the housing of their choice. 42 U.S.C. § 3604(f)(3)(B). To fulfill this purpose, the FHAA should be construed as broadly as possible. *City of Edmonds v. Oxford House, Inc.*, 514 U.S. 725, 731 (1995). The FHA protections extend to persons associated with a person with disabilities, and the Supreme Court has made it clear that under the FHAA standing is "as broad as is permitted by Article III of the Constitution." *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 109 (1979).

Just last year, the United States Court of Appeals for the Sixth Circuit issued an opinion in a case with very similar facts the case presently before this Court. In determining whether a municipality had a duty to grant the plaintiff's FHAA disability related reasonable accommodation request to house a miniature horse on her property located in a residential neighborhood, the Sixth Circuit concluded that "[u]nlike the Americans with Disabilities Act (ADA), the FHAA does not have minimum regulatory requirements for animals to qualify as a

reasonable accommodation." *Anderson v. City of Blue Ash*, 798 F.3d 338, 360 (6th Cir. 2015)(internal citations omitted).  The Sixth Circuit further determined that under the FHAA "[e]qual use and enjoyment of a dwelling are achieved when an accommodation ameliorates the effects of the disability such that the disabled individual can use and enjoy his or her residence as a non-disabled person could." *Id.* at 361.   The Sixth Circuit also concluded

> [W]e have long since rejected the notion that making an exception to a zoning scheme to permit something that would normally be forbidden automatically amounts to a fundamental alteration. * * * Requiring public entities to make exceptions to their rules and zoning policies is exactly what the FHAA does. The fact that the City banned horses from residential property does not mean that any modification permitting a horse necessarily amounts to a fundamental alteration.

*Id.* at 363 (internal citations omitted).

Here, Plaintiff Young has established both immediacy and the irreparability of harm. The harm is immediate because of Defendants stated intent to initiate legal action, including levying fines against Mr. Young, commencing in less than 24-hours from the filing of this motion.  Plaintiff Young's primary source of income is disability benefits payments.  His mental health care providers have concluded that Plaintiff Young is now decompensating as a result of Defendants actions and conduct to remove his ESAs from his property.  The harm is irreparable because Mr. Young's particular mental health injury, PTSD, is exacerbated by stress and deleteriously affects his long-term mental health and overall cognitive abilities.

**IV.**   **CONCLUSION**

Therefore, this Court must grant a temporary restraining order and preliminary and permanent injunctions enjoining Defendants Municipality of Carlisle, Ohio Mayor Randall Winkler, Deputy Mayor James Lickliter, Council Members Jake Fryman, Randy Jewett, Barb

Tankersley, Jonathan McEldowney, Bradley McIntosh, and Code Enforcement Officer Jim

Wahlrab from:

    (1)     Taking any adverse actions whatsoever against Plaintiff Young;

    (2)     Initiating any legal action against Plaintiff Young related to Carlisle Municipal Ordinance 618.19;

    (3)     Initiating or levying any fines or other punitive monetary measures against Plaintiff Young related to Carlisle Municipal Ordinance 618.19;

    (4)     Denying Plaintiff Young's request for reasonable accommodation;

    (5)     interfering with Plaintiffs' rights under the FHAA; and

    (6)     Contacting Plaintiff through any means or manner other than through Counsel.

Respectfully submitted,

*/s/C. Raphael Davis-Williams*
C. Raphael Davis-Williams (0087003)
**SPATER & DAVIS-WILLIAMS, LLC**
1188 South High Street
Columbus, Ohio 43206-3413
Phone: (614) 884-0109
Fax:    (614) 222-4738
Email: rdw@spaterlaw.com
***Trial Attorney for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Motion for Temporary Restraining

Order was filed electronically with the Court's Case Management/Electronic Case Files

(CM/ECF) docketing system, via electronic mail at dac1500@cinci.rr.com, and regular U.S.

Postal Service at Municipality of Carlisle, Ohio, Attn: Law Director Dave Chicarelli, 760 Central

Ave, Carlisle, OH 45005on this 17th day of October, 2016.  Notice of this filing will be sent by operation of the CM/ECF system.  Parties may access this filing through the CM/ECF system.

*/s/C. Raphael Davis-Williams*
C. Raphael Davis-Williams (0087003)