# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| ROBERT YOUNG | : | CASE NO: 1:16-CV-1006 |
| --- | --- | --- |
| Plaintiff, | : | JUDGE TIMOTHY S. BLACK |
| vs. | : | |
| **RANDALL WINKLER, Mayor**<br>**Municipality of Carlisle, Ohio, et al** | : | |
| Defendants. | : | |

## DEFENDANTS' ANSWER TO PLANTIFF'S COMPLAINT (DOC. #1) AND JURY DEMAND

In response to the Plaintiff's Complaint (Doc. #1), Defendants Municipality of Carlisle, Ohio, Mayor Randall Winkler, Deputy Mayor James Lickliter, and Council Members Jake Fryman, Randy Jewett, Barb Tankersley, Jonathan McEldowney and Bradley McIntosh, and Code Enforcement Officer Jim Wahlrab (collectively "Defendants"), respond as follows.

## FIRST DEFENSE

## PRELIMINARY STATEMENT

1. As to the allegations in Paragraph 1 (titled "Preliminary Statement"), Defendants deny the allegations as stated in Paragraph 1. Defendants further respond that Plaintiff has not sought a variance or appeal through the board of zoning appeals, and as such, Plaintiff has not formally requested an accommodation. Additionally, Paragraph 1 does not refer to the additional animals on Plaintiff's property, which included several "meat chickens" in addition to "egg chickens," and the three goats. Further, it is believed in good faith that four dogs are residing at this property in violation of Carlisle Ordinance 1274.33. It is unknown if other animals were at the property when visited by Defendant Wahlrab or are currently at the property. Finally, Carlisle has invited Plaintiff to pursue an appeal with the Board of Zoning Appeals, and has agreed to give Plaintiff reasonable time to pursue that appeal. In the meantime, Carlisle has offered Plaintiff the accommodation of keeping one pygmy goat, which is permitted by the applicable Carlisle Ordinance.

2. As to the allegations in Paragraph 2 of the Complaint, Defendants lack sufficient information to determine the veracity of the jurisdictional allegations, and as such, Defendants deny said allegations for lack of knowledge.

## PARTIES

3. With respect to the allegations contained in Paragraph 3, Defendants admit that Plaintiff is a resident of the Municipality of Carlisle ("Carlisle"), which is in Warren County, Ohio.

4. As to Paragraph 4, Defendants admit that Randall Winkler is the Mayor of Carlisle, and that Carlisle is a political subdivision as defined by Ohio law. Defendants deny that Mayor Winkler is a proper party to this lawsuit in either his individual or official capacities.

5. As to Paragraph 5, Defendants admit that James Lickliter is Deputy Mayor and a Councilmember. Defendants deny that Deputy Mayor/Councilman Lickliter is a proper party to this lawsuit in either his individual or official capacities.

6. As to Paragraph 6, Defendants admit that Jake Fryman is an elected Council Member, but deny that Councilman Fryman is a proper party to this lawsuit in either his individual or official capacities.

7. As to Paragraph 7, Defendants admit that Randy Jewett is an elected Council Member, but deny that Councilman Jewett is a proper party to this lawsuit in either his individual or official capacities.

8. As to Paragraph 8, Defendants admit that Barb Tankersley is an elected Council Member, but deny that Councilwoman Tankersley is a proper party to this lawsuit in either her individual or official capacities.

9. As to Paragraph 9, Defendants admit that Jonathan McEldowney is an elected Council Member, but deny that Councilman McEldowney is a proper party to this lawsuit in either his individual or official capacities.

10. As to Paragraph 10, Defendants admit that Bradley McIntosh is an elected Council Member, but deny that Councilman McIntosh is a proper party to this lawsuit in either his individual or official capacities.

11. As to Paragraph 11, Defendants admit that Jim Wahlrab is the designated Code Enforcement Officer for Carlisle, but deny that Mr. Wahlrab is a proper party to this lawsuit in either his individual or official capacities.

## FACTS

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint. Defendants further state that Plaintiff did provide some limited documentation at various points in time from a counselor, and later a doctor, that suggested Plaintiff had been diagnosed with Post-Traumatic Stress Disorder ("PTSD"), Defendants were never provided with

medical or mental health records or other details regarding the Plaintiff's medical or mental health conditions.

13. Defendants admit the allegations in Paragraph 13, as Defendants believe Plaintiff continues to reside at 660 Michael Drive in Carlisle.

14. As to the allegations in Paragraph 14, Defendants deny the allegations as stated. Defendants deny that the property is over one-half acre in size. Defendants do admit that Plaintiff keeps four chickens (which Plaintiff described as "egg chickens") and three goats on the property, but Plaintiff, on information and belief, houses more animals than the ones identified in the Complaint. Plaintiff admitted to Defendant Wahlrab that he also housed several "meat chicken" on the property as well. Defendant Wahlrab heard at least two dogs on the property and upon information and belief at least four dogs are believed to reside at Plaintiff's address. It is unknown if other animals live there. And, the following issues exist on Plaintiff's property: (1) Plaintiff or the property owners have two different fences, a privacy fence and a "barnyard" chain link fence, they caused to be built without a permit from the Village of Carlisle; and (2) the Plaintiff or the property owners have at a minimum three accessory structures, two coops and a goat house, Plaintiff of the property owners caused to be built without a permit from the Village of Carlisle.

15. As to Paragraph 15, Defendants are without knowledge sufficient to form a belief as to the allegations, and as such, deny the allegations for lack of knowledge. Defendants do state that Exhibit A, which is unauthenticated, speaks for itself. Defendants also note that the Exhibits referred to in the Complaint do not appear to actually be exhibits to the Complaint, but instead, are exhibits to the Motion for Temporary Restraining Order (Doc. #3).

16. As to Paragraph 16, Defendants are without knowledge sufficient to form a belief as to the allegations, and as such, deny the allegations for lack of knowledge.

17. As to Paragraph 17, the Defendants state that Ordinance 618.19 speaks for itself, and clearly indicates its date of enactment.

18. As to Paragraph 18, Defendants state that Ordinance 618.19 speaks for itself.

19. As to Paragraph 19, Defendants state that Exhibit B (to the Motion for TRO, Doc. #3) in an unauthenticated email that appears to have been sent by Plaintiff's former attorney to Carlisle, and this Exhibit speaks for itself, and Defendants otherwise deny the allegations in Paragraph 19 as stated.

20. With respect to Paragraph 20, Defendants again state that Exhibits B and C (to the Motion for TRO, Doc. #3) are unauthenticated documents which speak for themselves, and further state that Exhibit C fails to print or type the names of the individuals who purportedly signed the document, which makes it, at best, difficult to ascertain who

signed the document, and at worst, impossible to discern who signed the document. Defendants deny the allegations in Paragraph 20 as stated.

21. As to Paragraph 21, Defendants state that Exhibit D (to the Motion for TRO, Doc. #3) appears to be a selection of correspondence between Plaintiff and Carlisle (through Carlisle's Law Director) regarding the Plaintiff's animals and the Carlisle Ordinance, and those documents speak for themselves. Defendants further note that this correspondence, as well as the other Exhibits (to the Motion for TRO, Doc. #3), do not refer to all of the Plaintiff's animals, but only refer to the three goats and four of the chickens kept on the property. To the extent that a further response is necessary to the allegations in Paragraph 21, Defendants deny said allegations as stated.

22. Defendants deny the allegations in Paragraph 22 of the Complaint. Defendants further state that Carlisle did, in fact, offer to allow Plaintiff to keep one of his goats on the property.

23. With respect to Paragraph 23, Defendants state that the October 17, 2016 letter from Carlisle's Law Director (Doc. #3-4, PAGEID#64) speaks for itself, and to the extent that the allegations in Paragraph 23 do not accurately reflect the Law Director's letter, the same is expressly denied.

24. With respect to Paragraph 24, Defendants state that the October 17, 2016 letter from Plaintiff's counsel (Doc. #3-5, PAGEID#75) speaks for itself, and to the extent that the allegations in Paragraph 24 do not accurately reflect that letter, the same is expressly denied.

25. With respect to Paragraph 25, Defendants state that the email from Plaintiff's counsel referred to in that Paragraph speaks for itself (Doc. #3-5, PAGEID#76), and further note that Plaintiff does not appear to have supplied the attachment to that email in his exhibit. To the extent that Paragraph 25 does not accurately reflect this email, the same is expressly denied.

26. As to Paragraph 26, Defendants state that the letter from Carlisle's Law Director (Doc. #3-4, PAGEID#66) speaks for itself, and Defendants otherwise deny the allegations contained in Paragraph 26. Defendants further state that the Law Director's letter was in response to unilateral deadlines that were being demanded by Plaintiff's attorneys, which were unreasonable, as Plaintiff could have simply asked Carlisle to continue holding off on any legal action against Plaintiff while Plaintiff was continuing to provide new information to Carlisle, or Plaintiff could have chosen to pursue a variance or exception through an appeal with the Board of Zoning Appeals.

27. As to Paragraph 27, the parties have confirmed to the Court that Carlisle is continuing to hold off on taking legal action against Plaintiff for his violation of Carlisle Ordinances. Paragraph 27 also alleges that Plaintiff is entitled to an "unconditional" exemption from Carlisle's Ordinances, all while failing to acknowledge the full extent of animals being

kept on the property. Defendants deny that Plaintiff is entitled to the relief described in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

## **CLAIMS FOR RELIEF**

## **Violation of FHAA 42 U.S.C. §§ 3604, 3613, and 3617**

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. As to Paragraph 34, Defendants state that federal law determines whether Plaintiff is a person with disabilities, and whether and to what extent accommodations are required. To the extent that Plaintiff's allegations in Paragraph 34 are inconsistent with federal law, the same is denied. Defendants also deny that Plaintiff is entitled to the relief described in Paragraph 34.

35. As to Paragraph 35, Defendants state that Carlisle has made an offer of accommodation to Plaintiff, and as such, Defendants deny Paragraph 35.

36. Defendants deny Paragraph 36 of the Complaint.

37. Defendants deny Paragraph 37 of the Complaint.

38. Defendants deny Paragraph 38 of the Complaint.

39. Defendants deny Paragraph 39 of the Complaint.

40. Defendants deny Paragraph 40 of the Complaint.

41. Defendants deny Paragraph 41 of the Complaint.

42. Defendants deny Paragraph 42 of the Complaint.

43. Defendants deny Paragraph 43 of the Complaint.

44. Defendants deny Paragraph 44 of the Complaint.

45. Defendants deny Paragraph 45 of the Complaint.

## Violation of Ohio Revised Code 4112.02(H)

46. As to the incorporated allegations of Paragraph 46, Defendants admit and deny said incorporated allegations as previously set forth in this Answer.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

## Violation of Section 504 of the Rehabilitation Act

49. As to the incorporated allegations of Paragraph 49, Defendants admit and deny said incorporated allegations as previously set forth in this Answer.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the relief requested in the Prayer for Relief.

## SECOND DEFENSE

54. The individual Defendants enjoy qualified immunity for some or all of the Plaintiff's claims.

## THIRD DEFENSE

55. Defendants are immune from the state law claims under Ohio Revised Code Chapter 2744.

## FOURTH DEFENSE

56. There is a failure of service and/or a failure of process of service on some or all of the Defendants.

## FIFTH DEFENSE

57. Plaintiff's Complaint fails to state a claim against some or all of the Defendants.

## SIXTH DEFENSE

58. Some or all of the Plaintiff's claims are limited or barred by Ohio Revised Code Chapter 2744, including but not limited to O.R.C. 2744.05.

## SEVENTH DEFENSE

59. Plaintiff's claim for attorney fees is subject to apportionment.

## EIGHTH DEFENSE

60. The accommodation requested by Plaintiff is unreasonable under the applicable federal law.

## NINTH DEFENSE

61. Plaintiff has failed to exhaust administrative remedies, where appropriate and required by federal law.

## TENTH DEFENSE

62. Plaintiff's accommodation request fails to satisfy the requirements of the FHAA in that Plaintiff cannot demonstrate that the three operative elements ("equal opportunity," "necessary," and "reasonable" are satisfied.

## ELEVENTH DEFENSE

63. Plaintiff's requested accommodation would impose a burden on Carlisle and its citizenry in that Plaintiff's use of his property to raise an unlimited number of chickens, in addition to goats, would interfere with Plaintiff's neighbors and neighborhood's use of their respective properties.

## TWELFTH DEFENSE

64. Plaintiff has failed to negotiate in good faith with Carlisle and/or Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRTEENTH DEFENSE

65. Some or all of the Plaintiff's claims may be barred by the applicable statute of limitations.

## FOURTEENTH DEFENSE

66. Defendants have acted at all relevant times in good faith and with nondiscriminatory

purposes and intents.

**FIFTEENTH DEFENSE**

67. Defendants acted with reasonable business justification, and said justification is not pretextual in nature.

**SIXTEENTH DEFENSE**

68. If Plaintiff has sustained injuries and incurred any expenses or damages, which is denied, then the claimed injuries, expenses, or damages were caused in whole or in part by the acts of omissions of others for whose intervening conduct or negligence Defendants are not responsible.

**SEVENTEETH DEFENSE**

69. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to avoid harm otherwise.

**EIGHTEENTH DEFENSE**

70. Plaintiff has failed to mitigate his claimed damages.

**NINTEENTH DEFENSE**

71. Plaintiff has sustained no damages, and any claims of damages are speculative.

**TWENTIETH DEFENSE**

72. Plaintiff's claim for damages are limited, capped, or excluded under Chapter 2315 of the Ohio Revised Code, including but not limited to O.R.C. 2315.18.

**TWENTY-FIRST DEFENSE**

73. Plaintiff's claims are barred by the doctrines of laches, waiver, and estoppel.

**TWENTY-SECOND DEFENSE**

74. Defendants acted in good faith and their actions were privileged.

**TWENTY-THIRD DEFENSE**

75. Defendants may have acted on advice of counsel.

**TWENTY-FOURTH DEFENSE**

76. Plaintiff's claimed damages, if any were in fact sustained, were caused by Plaintiff's own acts, errors, and omissions and that Plaintiff's claims are therefore barred and/or limited pursuant to the doctrines of comparative negligence, primary assumption of the risk and/or implied assumption of the risk.

**TWENTY-FIFTH DEFENSE**

77. Plaintiff has failed to meet the legal requirements to permit him injunctive relief.

**TWENTY-SIXTH DEFENSE**

78. Defendants state that they currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants expressly reserve the right to assert affirmative defenses in the event discovery indicates those would be appropriate.

Respectfully submitted,

s/Lynnette Dinkler
Lynnette Dinkler (0065455)
Lead Trial Counsel
lynnette@dinklerpregon.com
Jamey T. Pregon (0075262)
Co-Trial Counsel
Jamey@dinklerpregon.com
DINKLER PREGON LLC
5335 Far Hills, Suite 123
Dayton, OH 45429
(937) 426-4200
(866) 831-0904 (fax)
*Attorneys for Municipality of Carlisle, Ohio Defendants Mayor Randall Winkler, Deputy Mayor James Lickliter, and Council Members Jake Fryman, Randy Jewett, Barb Tankersley, Jonathan McEldowney and Bradley McIntosh, and Code Enforcement Officer Jim Wahlrab*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of November, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

C. Raphael Davis-Williams
Spater & Davis-Williams, LLC
1188 South High Street
Columbus, OH  43206-3413
rdw@spaterlaw.com
*Attorney for Plaintiff Robert Young*

                                              s/Lynnette Dinkler
                                              Lynnette Dinkler (0065455)