IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT YOUNG, | : |
| | : Case No. 1:16-cv-1006 |
| and | : |
| | : **JUDGE TIMOTHY S. BLACK** |
| ELIZABETH YOUNG, | : |
| | : **Magistrate Judge Stephanie K. Bowman** |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : **JURY DEMAND** |
| RANDALL WINKLER, Mayor | : **ENDORSED HEREON** |
| Municipality of Carlisle, Ohio, *et al.*, | : |
| | : |
| Defendants. | : |

**FIRST AMENDED COMPLAINT**

PRELIMINARY STATEMENT

1.      This action arises out of the denial by the Municipality of Carlisle, Ohio – Mayor Randall Winkler, Deputy Mayor James Lickliter, Council Members Jake Fryman, Randy Jewett, Barb Tankersley, Jonathan McEldowney, Bradley McIntosh, and Code Enforcement Officer James Wahlrab (collectively Defendants or Carlisle) – of Plaintiff Robert Young's (Young) reasonable accommodation (RA) request for exemption and waiver due to medical disability from Carlisle Municipal Ordinance 618.19 (Ordinance 618.19) as well as any and all local land use and zoning ordinances that would require the removal, relocation, or would in any other manner disturb the existing set up he has established in his backyard for his emotional support animals. Mr. Young suffers from Post-Traumatic Stress Disorder (PTSD) and has been treating with a mental health care provider for this mental injury for more than ten years. Ordinance 618.19, as well as other local land use and zoning ordinances such as the 25-foot Rule, set forth

1

certain prohibitions against Carlisle residents housing goats and chickens on their own property and the location of structures in relation to property lines. Mr. Young is a person with a disability as defined under the Fair Housing Amendments Act (FHAA). Mr. Young's wife, Elizabeth Young, is a person associated with a person with disabilities as defined under the FHAA. Despite being provided with third-party verification of Mr. Young's medical need to house his Emotional Support Animals (ESAs), three (3) goats and four (4) chickens, at his residence located at 660 Michael Drive, Carlisle, Ohio 45005, Defendants have steadfastly refused to grant his RA in accordance with FHAA guidelines and requirements.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 42 U.S.C. §§ 3604, 3613, 3617, and the United States Department of Housing and Urban Development (HUD) Section 504 mandate (Section 504) which provides that no qualified individual with a disability should, only by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. This Court also has supplemental jurisdiction to hear state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

3. Plaintiff Robert Young is a resident of the Municipality of Carlisle, Warren County, Ohio.

4. Plaintiff Elizabeth Young is a resident of the Municipality of Carlisle, Warren County, Ohio.

5. Randall Winkler is the elected mayor and a Council Member of the Municipality of Carlisle, Ohio. Carlisle, Ohio is a body politic and corporate chartered in 1987 under the

Constitution and general laws of the state of Ohio. Defendant Winkler is being sued in both his individual and official capacities.

6. James Lickliter is the deputy mayor and an elected Council Member of the Municipality of Carlisle, Ohio. Carlisle, Ohio is a body politic and corporate chartered in 1987 under the Constitution and general laws of the state of Ohio. Defendant Lickliter is being sued in both his individual and official capacities.

7. Jake Fryman is an elected Council Member for the Municipality of Carlisle, Ohio. Carlisle, Ohio is a body politic and corporate chartered in 1987 under the Constitution and general laws of the state of Ohio. Defendant Fryman is being sued in both his individual and official capacities.

8. Randy Jewett is an elected Council Member for the Municipality of Carlisle, Ohio. Carlisle, Ohio is a body politic and corporate chartered in 1987 under the Constitution and general laws of the state of Ohio. Defendant Jewett is being sued in both his individual and official capacities.

9. Barb Tankersley is an elected Council Member for the Municipality of Carlisle, Ohio. Carlisle, Ohio is a body politic and corporate chartered in 1987 under the Constitution and general laws of the state of Ohio. Defendant Tankersley is being sued in both her individual and official capacities.

10. Jonathan McEldowney is an elected Council Member for the Municipality of Carlisle, Ohio. Carlisle, Ohio is a body politic and corporate chartered in 1987 under the Constitution and general laws of the state of Ohio. Defendant McEldowney is being sued in both his individual and official capacities.

11. Bradley McIntosh is an elected Council Member for the Municipality of Carlisle, Ohio. Carlisle, Ohio is a body politic and corporate chartered in 1987 under the Constitution and general laws of the state of Ohio. Defendant McIntosh is being sued in both his individual and official capacities.

12. James Wahlrab is the designated Code Enforcement Officer for the Municipality of Carlisle, Ohio. Carlisle, Ohio is a body politic and corporate chartered in 1987 under the Constitution and general laws of the state of Ohio. Defendant Wahlrab is being sued in both his individual and official capacities.

## FACTS

13. Plaintiff Robert Young is a person with disabilities. He is diagnosed with and suffers from Post-Traumatic Stress Disorder (PTSD).

14. Plaintiff Robert Young is married to Plaintiff Elizabeth Young.

15. Plaintiffs reside together at their home located at 660 Michael Drive, Carlisle, Warren County, Ohio 45005.

16. Mr. Young houses four (4) chickens and three (3) pygmy goats in the fenced-in backyard of his Carlisle home which sits on a lot that is just over one-half acre in size.

17. Mr. Young's medical care providers have determined that all four of his chickens and all three of his goats are Emotional Support Animals (ESAs) as contemplated under the Fair Housing Amendments Act (FHAA). Plaintiff Young's health care providers have provided him with written documentation supporting this medical determination.

18. Mr. Young has had his four chicken ESAs since 2011; he has had his three pygmy goat ESAs since 2012.

19. Mr. Young does not now, nor has he ever at any time in the past owned or housed more than six chickens at the same time on his property.

20. Mr. Young does not now, nor has he ever at any time in the past described or referred to his chicken ESAs as "meat chickens" or as "egg chickens". Mr. Young does not in fact have knowledge of the meaning of these terms.

21. The only chickens living on the Youngs' property are Mr. Young's four chicken ESAs; the only goats living on Plaintiffs' property are Mr. Young's three pygmy goat ESAs.

22. In addition to Mr. Young's ESAs, Plaintiffs together also have three pet Chihuahua breed dogs, which are properly licensed and registered with Warren County.

23. For approximately one year prior to March 2016, Plaintiffs' adult daughter lived with them at their Michael Drive home in Carlisle, Warren County, Ohio. While Plaintiffs' daughter lived with them she had two pet dogs of her own, one of which was registered at Plaintiffs' address, 660 Michael Drive, Carlisle, Ohio 45005.

24. Plaintiffs' daughter has since moved out of Plaintiffs' house and she took her dogs with her.

25. Since approximately March 1, 2016 only three dogs have lived on Plaintiffs' property and those are the three Chihuahuas Plaintiffs own as pets.

26. The only animals presently living on Plaintiffs' property are Mr. Young's four chicken ESAs, his three pygmy goat ESAs, and Plaintiffs' three pet Chihuahua dogs.

27. Under available information and belief, other property owners in Plaintiffs' immediate neighborhood also own chickens.

28. Plaintiffs routinely hear a rooster crowing nearby.

29. None of Mr. Young's four chicken ESAs is a rooster.

30. On or about August 16, 2016, Municipality of Carlisle Code Enforcement Officer James Wahlrab arrived at Plaintiffs' house with documents regarding Mr. Young's chickens.

31. When Mr. Wahlrab handed the documents to Mr. Young, Mr. Young saw immediately that the documents were addressed to "Robert and Elizabeth Reynolds." Mr. Young asked Mr. Wahlrab "who are these people, because my and my wife's last name is 'Young?'"

32. Mr. Wahlrab took the papers back and said something to the effect of "oops those are for someone else."

33. Mr. Wahlrab left and came back with what looked to Mr. Young to be the same documents except this time they were addressed to Plaintiffs, "Robert and Elizabeth Young."

34. Defendants enacted Ordinance 618.19 in 2015.

35. Ordinance 618.19 regulates the housing and ownership of chickens and pygmy goats by Municipality of Carlisle residents.

36. On or about September 13, 2016, Plaintiff Young, through attorney Jason Boylan, an attorney with Disability Rights Ohio, requested via written correspondence that Defendants, on the basis of Mr. Young's diagnosed and properly verified medical disability, grant him the reasonable accommodation of exemption and waiver from Ordinance 618.19.

37. Attorney Boylan attached to his September 13, 2016 correspondence to Defendants an August 16, 2016 letter from Mr. Young's treating mental health counselor confirming a) Mr. Young's mental health injuries; b) stating that based on her medical evaluation Plaintiff Young's ESAs enable him to "do things he is not normally able to do or [the ESAs] reduce[] his symptoms to allow him to it more easily"; and c) Young's ESAs are "needed support" for him. Signatures from each of Mr. Young's neighbors for a two-block radius

indicating they have no opposition to Mr. Young's ESAs, accompanied the August 16, 2016 letter.

38. On or about October 15, 2016, Trial Counsel for Plaintiff Young provided Defendants with a second, more detailed verification letter from Mr. Young's treating mental health care provider dated October 4, 2016. The October 4, 2016 letter expressly stated: "In order to alleviate these [PTSD related] difficulties, and to enhance Robert's ability to live independently, I am recommending that Robert retain his three pygmy goats and four chickens as emotional support animals." The October 4, 2016 letter also expressly stated: "I have noticed a decompensation in Robert's mental health recovery since the beginning of the process to remove his support animals from his property."

39. Despite being provided with this third-party medical verification of Mr. Young's need to keep his ESAs, Defendants nevertheless maintained their denial of Plaintiff Young's RA.

40. On or about October 17, 2016 at approximately 10:50 a.m., Counsel for Defendants, Municipality of Carlisle Law Director Dave Chicarelli responded to Plaintiff's Counsel's October 15, 2016 letter by faxed letter. Mr. Chicarelli advised that 1) Defendants would only conditionally agree to grant Mr. Young's RA request with the limitation that Mr. Young could keep only one of his three ESA pygmy goats; 2) Defendants considered the written medical verification provided to them by Mr. Young's mental health care provider to be insufficient; and 3) Defendants believe exhaustion of administrative remedies to be a requirement under the FHAA.

41. Counsel for Plaintiff replied to Mr. Chicarelli informing him that 1) Defendants cannot credibly determine Mr. Young's mental health needs as Defendants are not mental health care providers treating him; 2) Plaintiff's third-party medical support letter meets FHAA

requirements; and 3) under the FHAA there is no administrative exhaustion requirement. Counsel for Plaintiff also reiterated the deadline for Defendants to grant Mr. Young's RA request for exemption from Ordinance 618.19 based upon mental disability before Plaintiff would seek relief from this Court.

42. On October 17, 2016 at approximately 2:50 p.m., Counsel for Plaintiff emailed Mr. Chicarelli supplemental third-party verification of Plaintiff Young's mental health diagnosis and recommendation that each of his four chickens and three pygmy goats are necessary to him as ESAs. Counsel for Plaintiff advised Mr. Chicarelli that Plaintiff would file a Verified Complaint as well as an application for temporary restraining order within a half-hour of providing him with this additional medical verification for Mr. Young.

43. Despite the urgency to prevent Defendants from taking legal action, including levying daily fines against Plaintiff, Counsel for Defendants demanded Counsel for Plaintiff cease attempting to resolve the matter without litigation and reiterated Defendants' denial of Plaintiff's RA request for exemption, due to medical disability, from Ordinance 618.19.

44. At the time of the filing of the Verified Complaint, Defendants had failed to agree to unconditionally exempt Plaintiff Young, based on mental disability, from the rules, regulations, polices, and strictures encompassed in Ordinance 618.19 regarding the housing of chickens and pygmy goats by Carlisle residents.

45. Defendants enacted and enforce several other residential land use and zoning ordinances, including the Municipality of Carlisle's "25 foot rule," which requires structures to be built 25 feet inside of the property lines.

46. On or about December 7, 2016, Mr. Young, through Trial Counsel, requested via electronic mail correspondence directed to Counsel for Defendants, that Defendants, on the basis

of Mr. Young's diagnosed and properly verified medical disability, grant Mr. Young the reasonable accommodation under the FHAA of exemption and waiver from any and all local land use and zoning ordinances that would require the removal, relocation, or would in any other manner disturb the existing set up he has established in his backyard for his emotional support animals.

47. At no time prior to the instant dispute over Mr. Young's ESAs did Defendants ever formally warn, issue a citation, or otherwise raise any ordinance-related concerns to Mr. Young regarding the physical location of his backyard structures, including the housing for his ESA goats and chickens.

48. Under available information and belief, Defendants have received zero (0) complaints from the owners of the three properties abutting Plaintiffs' property, nor from anyone else, regarding Mr. Young's ESAs or the location of any of the structures in his backyard.

49. As of the filing of this First Amended Complaint, Counsel for Defendants advise Trial Counsel for Mr. Young that Defendants are in receipt of Mr. Young's December 7, 2016 reasonable accommodation request and that a response is forthcoming.

50. Each day Mr. Young is forced to live with the uncertainty of whether he will be allowed to continue having the support of his ESA chickens and goats on his property, without repercussions from Defendants, his mental illness escalates and his mental health decompensates.

51. Ms. Young helps Mr. Young with day to day tasks, such as driving, that Mr. Young is no longer able to perform on his own as a result of his mental injury.

52. Since Defendants initiated their efforts to remove Mr. Young's ESAs from Plaintiffs' property, Ms. Young has personally witnessed Mr. Young become, among other

things: increasingly moody, his inability to sleep, a decrease in his appetite, a development of an ever shortening temper, and an overall tense and unhappy disposition.

53. Prior to Defendants initiating their efforts to remove Mr. Young's ESAs from Plaintiffs property, Ms. Young observed each of these characteristics now being exhibited by Mr. Young to be minimal or nonexistent.

54. Prior to Defendants initiating their efforts to remove Mr. Young's ESAs from Plaintiffs' property, the manifested symptoms of his mental injury were well-managed, under control and he required only once monthly visits to his mental health care providers; since Defendants initiated their efforts to deprive Mr. Young of his ESAs, symptoms of his mental injury that had dramatically decreased have remerged and it is now necessary for him to make once weekly visits to his mental health care providers for counseling and therapy.

## CLAIMS FOR RELIEF

### Violation of FHAA 42 U.S.C. §§ 3604, 3613, and 3617

55. Mr. Young is a person with disabilities and thus is protected under the FHAA.

56. Ms. Young is a person associated with a person with disabilities and thus is protected under the FHAA.

57. Mr. Young is an aggrieved person as contemplated under 42 U.S.C. § 3602.

58. Ms. Young is an aggrieved person as contemplated under 42 U.S.C. § 3604 (f).

59. Defendants Carlisle Mayor Randall Winkler, Deputy Mayor James Lickliter, Council Members Jake Fryman, Randy Jewett, Barb Tankersley, Jonathan McEldowney, Bradley McIntosh, and Code Enforcement Officer James Wahlrab have engaged in unlawful discrimination based upon disability, in violation of 42 U.S.C. § 3604(f)(2) and § 3604(f)(3)(B), by denying Mr. Young's reasonable accommodation request, based on mental disability, for

exemption and waiver from Ordinance 618.19 and from any and all local land use and zoning ordinances that would require the removal, relocation, or would in any other manner disturb the existing set up he has established in his backyard for his emotional support animals.

60. Defendants Carlisle Mayor Randall Winkler, Deputy Mayor James Lickliter, Council Members Jake Fryman, Randy Jewett, Barb Tankersley, Jonathan McEldowney, Bradley McIntosh, and Code Enforcement Officer James Wahlrab have engaged in unlawful discriminatory housing practices in violation of 42 U.S.C. § 3613 by denying Mr. Young's reasonable accommodation request, based on mental disability, for exemption and waiver from Ordinance 618.19 and from any and all local land use and zoning ordinances that would require the removal, relocation, or would in any other manner disturb the existing set up he has established in his backyard for his emotional support animals.

61. Defendants Carlisle Mayor Randall Winkler, Deputy Mayor James Lickliter, Council Members Jake Fryman, Randy Jewett, Barb Tankersley, Jonathan McEldowney, Bradley McIntosh, and Code Enforcement Officer James Wahlrab have unlawfully coerced, intimidated, threaten, and interfered with Plaintiffs in their exercise and enjoyment of their FHAA housing rights as they relate to their dwelling located at 660 Michael Drive, Carlisle, Ohio 45005, in violation of 42 U.S.C. § 3617, by refusing to make reasonable accommodations, based on mental disability, regarding the rules, policies, practices and services contemplated under Ordinance 618.19 and any and all local land use and zoning ordinances that would require the removal, relocation, or would in any other manner mandate the disturbance of the existing set up he has established in his backyard for his emotional support animals.

62. Mr. Young is entitled to reasonable accommodation as a person with disabilities.

63. Defendants denied Mr. Young's request for the reasonable accommodation of exemption from Ordinance 618.19.

64. Under available information and belief, Defendants will deny Mr. Young's request for the reasonable accommodation of exemption and waiver from any and all local land use and zoning ordinances that would require the removal, relocation, or would in any other manner disturb the existing set up he has established in his backyard for his emotional support animals.

65. As a result of Defendants' actions of denying Mr. Young's reasonable accommodation requests of exemption and waiver from any and all local land use and zoning ordinances that would require the removal, relocation, or would in any other manner disturb the existing set up he has established in his backyard for his emotional support animals, Mr. Young's mental health has and continues to decompensate and recovery from his mental injury is thwarted.

66. Defendants are fully aware that Mr. Young suffers from a disabling mental injury, PTSD, and that the threat of removal of his ESAs or legal action, including a requirement that he pay accruing daily fines, by Defendants worsens his already serious mental health condition.

67. Defendants know or should know that the threat of removal of his ESAs, legal actions including accruing daily fines, and worsening mental health puts Mr. Young at imminent risk of serious emotional distress and medical harm.

68. Defendants have intentionally and maliciously forced Plaintiff Young into the impossible choice of continuing to treat his mental injury with his ESAs while also being subject to legal action including daily accruing fines, or losing the medical benefits of his ESAs

completely by complying with local land use and zoning ordinances as they relate to his ESAs and causing irreparable harm to his mental health.

69. Defendants are fully aware there is no legal basis to deny Mr. Young's request to be exempted from Ordinance 618.19 and from any and all local land use and zoning ordinances that would require the removal, relocation, or would in any other manner disturb the existing set up he has established in his backyard for his emotional support animals.

70. Defendants are intentionally and willfully disregarding Mr. Young's rights as a person with disabilities by refusing to grant his reasonable accommodation requests, without any additional conditions or requirements.

71. Defendants have intentionally and maliciously taken action that is likely to place Mr. Young at imminent risk of decompensated mental health and serious mental and emotional harm.

72. Mr. Young has suffered and continues to suffer extreme emotional distress and mental anguish as a result of Defendants' ongoing actions.

73. Mr. Young has experienced a significant increase in his levels of anxiety leading to an inability to sleep, irritability, edginess, and to marital discord – all as a direct result of Defendants' denial of his reasonable accommodation requests for exemption from Ordinance 618.19 and from any and all local land use and zoning ordinances that would require the removal, relocation, or would in any other manner disturb the existing set up he has established in his backyard for his emotional support animals.

74. Ms. Young has also suffered and continues to suffer emotional distress and mental anguish as a result of watching and having to cope with the daily deterioration and decompensation of Mr. Young's mental health; experiencing his increasingly frequent mood

changes; and having to drive and increased number of trips to take Mr. Young to his now weekly rather than monthly therapy and counseling appointments.

75. Defendants' actions as alleged in this First Amended Complaint were intentional, wanton, malicious, and with wrongful and reckless disregard for Plaintiffs' rights.

**Violation of Ohio Revised Code 4112.02(H)**

76. Plaintiffs re-allege and hereby incorporate by reference each and every allegation in paragraphs 1 through 75 above as if rewritten here in their entireties.

77. By denying and refusing to grant Plaintiffs' requests for reasonable accommodation, Defendants engaged in unlawful discriminatory acts in violation of O.R.C. §§ 4112.02(H)(1), 4112.02(H)(4), 4112.02(H)(12), 4112.02(H)(15), 4112.02(H)(16), 4112.02(H)(18)(a), and 4112.02(H)(19).

78. Defendants' actions, as alleged in this First Amended Complaint, were intentional, wanton, malicious, and with wrongful and reckless disregard for Plaintiffs' rights.

**Violation of Section 504 of the Rehabilitation Act**

79. Plaintiffs re-allege and hereby incorporate by reference each and every allegation in paragraphs 1 through 78 above as if rewritten here in their entireties.

80. Under available information and belief, as agents of the Municipality of Carlisle, Ohio, Defendants receive Federal financial assistance for the purpose of providing housing.

81. By denying and refusing to grant Plaintiffs' requests for reasonable accommodation, Defendants engaged in unlawful discriminatory acts in violation of Section 504 of the Rehabilitation Act.

82. Defendants' actions, as alleged in this First Amended Complaint, were intentional, wanton, malicious, and with wrongful and reckless disregard for Plaintiffs' rights.

# PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs request that this Court and the jury:

A. Issue a permanent injunction to enjoin: (i) Defendants from taking any adverse actions whatsoever against Mr. Young in relation to or regarding his emotional support animals; (ii) Defendants from initiating any legal action against Mr. Young related to any and all local land use and zoning ordinances that would require the removal, relocation, or would in any other manner disturb the existing set up he has established in his backyard for his emotional support animals; (iii) Defendants from initiating or levying any fines or other punitive monetary measures against Plaintiff related to any and all local land use and zoning ordinances that would require the removal, relocation, or would in any other manner disturb the existing set up he has established in his backyard for his emotional support animals; (iv) Defendants from denying Mr. Young's requests for reasonable accommodation; (v) Defendants from interfering with Plaintiff's rights under the FHAA; and (vi) Defendants from contacting Plaintiff through any means or manner other than through Counsel;

B. Award Plaintiffs compensatory damages;

C. Award Plaintiffs punitive damages;

D. Award Plaintiffs reasonable attorney fees and costs;

E. Award Plaintiffs any other just relief under the law that this Court deems appropriate.

>*/s/C. Raphael Davis-Williams*
>C. Raphael Davis-Williams (0087003)
>**SPATER & DAVIS-WILLIAMS, LLC**
>1188 South High Street
>Columbus, Ohio 43206-3413
>Phone: (614) 884-0109
>Fax:     (614) 222-4738
>Email: rdw@spaterlaw.com
>*Trial Attorney for Plaintiff*

## Jury Demand

Plaintiffs request a trial by jury in this case.

>*/s/C. Raphael Davis-Williams*
>C. Raphael Davis-Williams (0087003)